## Board of Commissioners of Pulaski County v. Hayworth.

[No. 20,249.  Filed December 10, 1903.]

County Auditor.—*Allowance for Services Imposed by the County Reform Law.*—Under §50 of the county reform law (Acts 1899, p. 364), a county council is authorized to make an allowance to the county auditor for any additional work imposed by the law from the time the act became effective to the first of January of the following year.

From Pulaski Circuit Court; *G. W. Beeman*, Judge.

Action by James N. Hayworth against the Board of Commissioners of Pulaski county. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*H. A. Steis*, for appellant.
*William Spangler* and *J. M. Spangler*, for appellee.

Monks, J.—The only question presented by this appeal is whether or not a county auditor was entitled to receive any compensation for additional work imposed upon him by the act of 1899 (Acts 1899, pp. 343-365, §§5594g-5594c2 Burns 1901), known as the county reform law, from the date said law took effect to January 1, 1900, where the county council has made an "allowance" therefor under §50 of said act, §5594d2, *supra.* If he was entitled to such compensation when the county council had made an allowance therefor, this cause must be affirmed; otherwise it must be reversed.

Said act took effect April 27, 1899, and §50 thereof provides that the county council "shall make suitable allowance to the county auditor for such additional work as may

be imposed upon his office by the operation of" the county reform law, "provided, that in no case shall such allowance be less than $200 nor exceed $600 a year." Appellant insists that said section authorizes payment for such work done on and after January 1, 1900, and that for such services performed by a county auditor prior to that day no recovery can be had. The additional work imposed by said county reform law upon the office of county auditor commenced before January, 1900, and said §50, §5594d2, *supra,* expressly authorized the county council to make the "allowance" therefor whether done before or after January 1, 1900. There is nothing in said act limiting the authority of the county council over said subject to additional work imposed on said officer, done on and after January 1, 1900. It is clear that the county council had as much power under said section to make allowance for such additional work performed before January 1, 1900, as for that performed afterwards.

It follows that the judgment must be affirmed. Judgment affirmed.